**FILED**

**MARCH 5, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **JESUS CAZARES**, on behalf of himself and all other employees similarly situated, known and unknown, | Civil Action |
| Plaintiffs, | |
| v. | **08 C 1312** |
| **SERVIMAID LLC**, an Illinois limited liability company, **SERVIMAID, INC.**, a dissolved Illinois corporation, **PAULO DIAZ**, individually, **JUAN PEREZ**, individually, **LUIS ENRIQUEZ SALDANA**, individually, and **JOHN DOE BUSINESS ENTERPRISE a/k/a Sunshine Clean**, | No.   **JUDGE DOW** **MAGISTRATE JUDGE COX** |
| Defendants. | JURY DEMAND |

**COMPLAINT**

NOW COMES the plaintiff, **JESUS CAZARES** ("Plaintiff"), on behalf of himself and all other employees similarly situated, known and unknown, by and through his attorneys of record, complaining of the defendants, **SERVIMAID LLC**, an Illinois limited liability company, **SERVIMAID, INC.**, a dissolved Illinois corporation, **PAULO DIAZ** ("DIAZ"), individually, **JUAN PEREZ** ("PEREZ"), individually, **LUIS ENRIQUEZ SALDANA** ("SALDANA"), individually, and **JOHN DOE BUSINESS ENTERPRISE a/k/a Sunshine Clean** ("SUNSHINE CLEAN"), (collectively the "Defendants"), and pleading hypothetically and in the alternative, alleges as follows:

## I.    INTRODUCTION

1.    This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as a result of the Defendants' failure to pay overtime compensation to the Plaintiff, and to other similarly situated employees of the Defendants (the "Plaintiff Class").  The Plaintiff and the members of the Plaintiff Class routinely worked in excess of 40 hours per week for the Defendants, but the Defendants failed and refused to pay them time-and-one-half overtime compensation for those hours as the FLSA requires.

2.    In Counts II and III, the Plaintiff brings supplemental claims pursuant to the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.*, the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.*, and the Attorneys' Fees in Wage Actions Act ("AFWAA"), 705 ILCS 225 *et seq.*  The rights and remedies set forth in these statutes are generally similar and analogous to those that Congress set forth in the FLSA.

3.    In Count IV, the Plaintiff brings a retaliation claim pursuant to Section 215 of the FLSA.

4.    Finally, in Count V, the Plaintiff brings a supplemental common law retaliatory discharge claim.

## II.    THE PARTIES

5.    The Plaintiff is an individual domiciled in the State of Illinois, and resides within this judicial district.

6.    Upon information and belief, the defendants, DIAZ, PEREZ, and SALDANA, are individuals domiciled in Illinois who reside within this judicial district.

7.    The defendant, SERVIMAID, LLC, is an Illinois limited liability company whose principal office is located at 3516 Dempster Street, Skokie, IL 60076.

8.    The defendant, SERVIMAID, INC., is a dissolved Illinois corporation having its only officially listed address at 5649 S. Albany, Chicago, IL 60629.

9.    DIAZ was/is the president of SERVIMAID, INC.

10.    Upon information and belief, at all times relevant to this action, the following defendants held/hold an ownership interest in SERVIMAID, INC.: a) DIAZ; b) PEREZ; and c) SALDANA.

11.    Upon information and belief, at all times relevant to this action, the following defendants exercised/exercise control over significant aspects of SERVIMAID, INC.'s day-to-day operations: a) DIAZ; b) PEREZ and c) SALDANA.

12.    Upon information and belief, at all times relevant to this action, the following defendants held/hold an ownership interest in SERVIMAID, LLC: a) DIAZ; b) PEREZ; and c) SALDANA.

13.    Upon information and belief, at all times relevant to this action, the following defendants exercised/exercise control over significant aspects of SERVIMAID, LLC's day-to-day operations: a) DIAZ; b) PEREZ and c) SALDANA.

14.    Upon information and belief, at certain times herein relevant, acting severally or in one or more combinations, DIAZ, PEREZ, SALDANA, SERVIMAID, INC., and SERVIMAID LLC, operated, controlled or constituted a partnership or other business enterprise, which enterprise employed the Plaintiff and members of the Plaintiff Class, maintained accounts used to pay wages and other expenses and did in fact pay wages to the Plaintiff and members of the Plaintiff Class.

3

15.    Upon information and belief, the partnership or other enterprise described above in paragraph 14 would sometimes do business under the name of SUNSHINE CLEAN.

16.    Upon information and belief, SUNSHINE CLEAN would at times also do business under different names including "Servimaid," or under no name at all.

17.    Upon information and belief, SUNSHINE CLEAN would employ substantially the same personnel to provide services to substantially the same clients under various different names, including but not limited to "SUNSHINE CLEAN" and "Servimaid."

18.    The Plaintiff's knowledge is imperfect as to exactly how the Defendants structured their business or businesses, and therefore the Plaintiff desires to avail himself of the discovery process in order to further investigate the structure of SUNSHINE CLEAN and any other enterprise owned or controlled by the Defendants.

19.    The Plaintiff was employed by the Defendants from on or about April 16, 2005 to on or about February 19, 2007.

### III.  JURISDICTION AND VENUE

20.    Federal question jurisdiction is conferred on this Court by Section 16(b) of the FLSA.

21.    Supplemental jurisdiction over the Illinois statutory and common law claims alleged herein is conferred on this Court by 28 U.S.C. § 1367(a).

22.    Venue is proper as the acts or omissions that gave rise to the claims alleged herein occurred within this judicial district.

23.     Additionally, venue is proper pursuant to 28 U.S.C. § 1391, because upon information and belief the individual defendants are domiciled in Illinois and reside within this judicial district.

24.     Finally, venue is proper pursuant to 28 U.S.C. § 1391, because upon information and belief the corporate defendants are domiciled in Illinois and have their principal offices within this judicial district.

## IV.   **STATUTORY CONSENT**

25.     The Plaintiff brings this case as a collective action under the FLSA on behalf of himself and the Plaintiff Class, and in accord with Section 16(b) of the FLSA, the Plaintiff has given written consent to bring such an action.

26.     The Plaintiff's notice of consent to be a party plaintiff is incorporated herein by reference and attached as **Exhibit A**.

## V.   **GENERAL ALLEGATIONS**

27.     At all times relevant to this action, the Defendants, and each of them, severally or in one or more combinations, were the Plaintiff's "employer" within the meaning of Section 3(a) and (d) of the FLSA in that the Defendants, and each of them, were acting directly or indirectly in the interest of the "employer" in relation to the employee plaintiffs represented herein; and the Defendants are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

28.     At all times relevant to this action, the Plaintiff and the members of Plaintiff Class were "employees" of the Defendants within the meaning of Section 3(e)(1) of the FLSA.

29.    At all times relevant to this action, the Plaintiff was an "employee" of the Defendants within the meaning of Section 3(d) of the IMWL.

30.    During the course of their employment by the Defendants, the Plaintiff and the members of the Plaintiff Class handled goods, including solvents, surfactants, detergents and other products that moved in interstate commerce.

31.    At all times relevant to this action, the Defendants, and/or an enterprise controlled by the Defendants, engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA.

32.    The Plaintiff and the members of the Plaintiff Cass were employed by the Defendants as janitors and were not exempt from the overtime wage and minimum wage provisions of the FLSA.

33.    The Plaintiff and the members of the Plaintiff Cass were employed by the Defendants as janitors and were not exempt from the overtime wage and minimum wage provisions of the IMWL.

34.    The Plaintiff and the members of the Plaintiff Class were routinely directed by the Defendants to work, and did so work, in excess of 40 hours per week.

35.    Even though the vast majority of the Plaintiff's and the members of the Plaintiff Class's work was manual labor consisting of janitorial work (such as cleaning toilets, mopping floors and vacuuming), the Defendants gave the Plaintiff and certain other members of the Plaintiff Class titles like "supervisor" as part of a scheme to avoid paying overtime compensation.

36.    For example, the Defendants would pay the Plaintiff and the members of the Plaintiff Class for a certain number of hours each pay period (often actually including *some*

6

overtime compensation), but then require them to work numerous *additional* hours "off the books" for no additional monetary compensation.  The Defendants would often justify this practice to the Plaintiff and the members of the Plaintiff Class by telling them they were "supervisors," and that they would be rewarded in the future with a promotion for working these additional "off the books" hours.

37.     Typically the Plaintiff would work and be paid for 40-45 hours per week "on the books;" and he would work an *additional* 15-20 hours per week "off the books" – for which he received no monetary compensation.

38.     The scheme described above is elaborate and complex, and could not be the result of error or inadvertence.

39.     The Plaintiff believes that the scheme described above was utilized by the Defendants in order to circumvent the provisions of the FLSA.

40.     The Defendants utilized the scheme described above continuously going back at least as far as April 16, 2005, indicating that the scheme was organized, intentional and ongoing.

41.     Additionally, the Plaintiff and the members of the Plaintiff Class were routinely required by the Defendants to work through their meal breaks.

42.     In early February, 2007, the Plaintiff complained to SALDANA that he and the members of Plaintiff Class were required by the Defendants to work overtime hours for which they were not being paid overtime wages (and in some cases no wages at all), in violation of the FLSA, the IMWL and other relevant law.

43.     In early February, 2007, the Plaintiff complained to SALDANA that he and the members of the Plaintiff Class were often required by the Defendants to work more than

8 hours per day without a lunch break, in violation of the FLSA, the IMWL and other relevant law.

44.    The Defendants fired the Plaintiff within several days after he made the complaints described above.

45.    The Plaintiff and the members of the Plaintiff Class work at the lowest stratum of the economy as unskilled workers, and as a result of the Defendants' actions described above they were and are subject to severe economic duress.

## COUNT I
### (Violation of the FLSA)

46.    The Plaintiff hereby re-alleges the foregoing allegations.

47.    The Defendants violated the FLSA by:

    a. failing to pay the Plaintiff and the members of the Plaintiff Class for certain hours at a rate equal to or greater than the FLSA's mandatory minimum rate;

    b. failing to pay the Plaintiff and the members of the Plaintiff Class for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which they were employed; and

    c. requiring the Plaintiff and the members of the Plaintiff Class to work through their meal breaks and then failing to pay them for the work they performed during meal breaks.

48.    The Defendants willfully violated the FLSA in that they were aware or should have been aware of their obligations under the FLSA, but nevertheless attempted to circumvent its provisions.

WHEREFORE the plaintiff, **JESUS CAZARES**, on behalf of himself and all other employees similarly situated, known and unknown, prays for judgment in his favor and against the defendants, **SERVIMAID LLC**, **SERVIMAID, INC.**, **PAULO DIAZ**, **JUAN**

8

**PEREZ**, **LUIS ENRIQUEZ SALDANA**, and **JOHN DOE BUSINESS ENTERPRISE**

**a/k/a Sunshine Clean**, and each of them, and for the following relief:

    A. damages in an amount equal to the unpaid minimum wages due and owing to the plaintiffs for each hour the plaintiffs worked, but for which the defendants failed to pay the plaintiffs at a rate equal to or greater than the FLSA's mandatory minimum rate;

    B. damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiffs for each hour the plaintiffs worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiffs at a rate equal to or greater than one and one-half times the regular rate at which the plaintiffs were employed (in no case less than one and one-half times the IMWL's mandatory minimum rate);

    C. statutory liquidated damages as allowed by the FLSA;

    D. interest on all amounts awarded;

    E. attorneys' fees as allowed by the FLSA, together with costs of suit and collection; and

    F. such further relief as may be fair and just in the premises.

## COUNT II
### (Violation of the IMWL)

49.    The Plaintiff hereby re-alleges the foregoing allegations.

50.    The Defendants violated the IMWL by:

    a. failing to pay the Plaintiff for certain hours at a rate equal to or greater than the IMWL's mandatory minimum rate;

    b. failing to pay the Plaintiff for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which the Plaintiff was employed; and

    c. requiring the Plaintiff to work through his meal breaks and then failing to pay him for the work he performed during meal breaks.

51.    The Defendants willfully violated the IMWL in that they were aware or should have been aware of their obligations under the IMWL, but nevertheless attempted to circumvent its provisions.

WHEREFORE the plaintiff, **JESUS CAZARES**, prays for judgment in his favor and against the defendants, **SERVIMAID LLC**, **SERVIMAID, INC.**, **PAULO DIAZ**, **JUAN PEREZ**, **LUIS ENRIQUEZ SALDANA**, and **JOHN DOE BUSINESS ENTERPRISE a/k/a Sunshine Clean**, and each of them, and for the following relief:

    A.  damages in an amount equal to the unpaid minimum wages due and owing to the plaintiff for each hour the plaintiff worked, but for which the defendants failed to pay the plaintiff at a rate equal to or greater than the IMWL's mandatory minimum rate;

    B.  damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiff for each hour the plaintiff worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiff at a rate equal to or greater than one and one-half times the regular rate at which the plaintiff was employed (in no case less than one and one-half times the IMWL's mandatory minimum rate);

    C.  statutory punitive damages as allowed by the IMWL;

    D.  interest on all amounts awarded;

    E.  attorneys' fees, together with costs of suit and collection; and

    F.  such further relief as may be fair and just in the premises.

## COUNT III
### (IWPCA and AFWAA claims)

52.    The Plaintiff hereby re-alleges the foregoing allegations.

53.    The Defendants violated the IWPCA by:

    a.  failing to pay the Plaintiff for certain hours at a rate equal to or greater than the statutory minimum wage;

b. failing to pay the Plaintiff for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate upon which the parties had agreed;

c. failing to pay the Plaintiff certain wages either weekly or biweekly; and/or

d. failing to pay the Plaintiff certain wages within either 7 days of the close of each relevant workweek, or within 13 days of the close of each relevant biweekly pay-period.

WHEREFORE the plaintiff, **JESUS CAZARES**, prays for judgment in his favor and against the defendants, **SERVIMAID LLC**, **SERVIMAID, INC.**, **PAULO DIAZ**, **JUAN PEREZ**, **LUIS ENRIQUEZ SALDANA**, and **JOHN DOE BUSINESS ENTERPRISE a/k/a Sunshine Clean**, and each of them, and for the following relief:

A. an order commanding the defendants to pay the plaintiff any and all wages the defendants owe the plaintiff for each hour the plaintiff worked, but for which the defendants failed to pay the plaintiff at a rate equal to or greater than the rate agreed upon by the parties (in no case less than the IMWL's minimum rate);

B. an order commanding the defendants to pay the plaintiff any and all overtime compensation the defendants owe the plaintiff for each hour the plaintiffsworked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiff at a rate equal to or greater than one and one-half times the regular rate agreed upon by the parties (in no case less than one and one-half times the IMWL's minimum rate);

C. interest on all amounts awarded;

D. attorneys' fees as allowed by the AFWAA, together with costs of suit and collection; and

E. such further relief as may be fair and just in the premises.

## COUNT IV
### (Retaliation in Violation of the FLSA)

54. The Plaintiff hereby re-alleges the foregoing allegations.

55. The Defendants had no legitimate or lawful reason to the Plaintiff, and fired him in retaliation for making the complaints described above.

11

56.    The Plaintiff's complaints, described above, constituted protected activity under Section 215(a)(3) of the FLSA.

57.    The Defendants violated the FLSA by firing the Plaintiff in retaliation for their having made the complaints described above.

58.    The Plaintiff was damaged as a direct and proximate result of the Defendants' actions in that he suffered and continues to suffer pecuniary loss, severe emotional trauma and humiliation, and is subject to ongoing economic duress.

WHEREFORE the plaintiff, **JESUS CAZARES**, prays for judgment in his favor and against the defendants, **SERVIMAID LLC**, **SERVIMAID, INC.**, **PAULO DIAZ**, **JUAN PEREZ**, **LUIS ENRIQUEZ SALDANA**, and **JOHN DOE BUSINESS ENTERPRISE a/k/a Sunshine Clean**, and each of them, and for the following relief:

A.  such injunctive and equitable relief as will make the Plaintiff whole, including but not limited to reinstatement, backpay, frontpay in lieu of reinstatement, and compensation for future lost earnings capacity;

B.  such further injunctive and equitable relief as may be necessary to prevent future violations of the FLSA;

C.  compensatory and punitive damages;

D.   attorneys' fees, together with costs of suit and collection; and

E.  such further relief as may be fair and just in the premises.

## COUNT V
### (Retaliatory Discharge – Common Law)

59.    The Plaintiff hereby re-alleges the foregoing allegations.

60.    When the Plaintiff complained about the Defendants' violations of the FLSA and the IMWL, as described above, he was acting as a "whistleblower."

61.    The Defendants had no legitimate or lawful reason to fire the Plaintiff, and fired him in retaliation for making the complaints described above.

62.    By firing the Plaintiff in retaliation for making the complaints described above, the Defendants violated a clear mandate of public policy in that their actions were designed to intimidate the Plaintiff and the members of the Plaintiff Class, and were an attempt to coercively prevent them from seeking relief through outside channels such as the Department of Labor or by this lawsuit.

63.    The Plaintiff was damaged as a direct and proximate result of the Defendants' actions in that he suffered and continues to suffer pecuniary loss, severe emotional trauma and humiliation.

WHEREFORE the plaintiff, **JESUS CAZARES**, prays for judgment in his favor and against the defendants, **SERVIMAID LLC**, **SERVIMAID, INC.**, **PAULO DIAZ**, **JUAN PEREZ**, **LUIS ENRIQUEZ SALDANA**, and **JOHN DOE BUSINESS ENTERPRISE a/k/a Sunshine Clean**, and each of them, and for the following relief:

    A.  compensatory and punitive damages;

    B.  such injunctive and equitable relief as will make the Plaintiff whole, including but not limited to reinstatement, backpay, frontpay in lieu of reinstatement, and compensation for future lost earnings capacity;

    C.  attorneys' fees, together with costs of suit and collection; and

    D.  such further relief as may be fair and just in the premises.

## **JURY DEMAND**

NOW COMES the plaintiff, **JESUS CAZARES**, on behalf of himself and all other employees similarly situated, known and unknown, by and through his attorneys of record, and demands trial by jury of all issues set forth herein.

Respectfully submitted,


/s/Paul Luka

PAUL LUKA

Roy P. Amatore, Esq.

Paul Luka, Esq.

AMATORE & ASSOCIATES, P.C.

120 S. State Street · Suite 400

Chicago, IL 60603

312.236.9825 (tel.)

312.236.9826 (fax)

# Exhibit A

## CONSENT TO BE A PARTY PLAINTIFF

The undersigned hereby authorizes and engages Amatore & Associates, P.C. to pursue his claims for unpaid wages, and other relief, against SERVIMAID, Paulo Diaz, and anyone else who may have employed him in conjunction with said persons (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of himself and all other similarly situated employees, known and unknown.


JESUS CASARES