**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JESUS CAZARES, on behalf of himself and all other employees similarly situated, known and unknown, <br><br> Plaintiffs, <br><br> v. <br><br> SERVIMAID LLC, an Illinois limited liability Company, SERVIMAID, INC., a dissolved Illinois Corporation, PAULO DIAZ, individually, JUAN PEREZ, individually, LUIS ENRIQUEZ SALDANA, individually, and JOHN DOE BUSINESS ENTERPRISE a/k/a Sunshine Clean, <br><br> Defendants. | ) ) ) No. 08 C 1312 ) ) ) ) Judge Dow ) ) Magistrate Judge Cox ) ) ) ) ) ) ) ) |

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

NOW COME the Defendants, SERVIMAID LLC., and Luis Saldana, ("Saldana") individually, by their attorneys, April R. Walkup and QUERREY & HARROW, LTD., and for their Answer and Affirmative Defenses to the Plaintiff's Complaint states:

1.     This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as a result of the Defendants' failure to pay overtime compensation to the Plaintiff, and to other similarly situated employees of the Defendants (the "Plaintiff Class"). The Plaintiff and the members of the Plaintiff Class routinely worked in excess of 40 hours per week for the Defendants, but the Defendants failed and refused to pay them time-and-one-half overtime compensation for those hours as the FLSA requires.

**ANSWER:**     Defendants admit that this suit purports to arise under the Statutes cited therein but, further answering, deny that the Plaintiff is entitled to any relief whatsoever, under the

Statutes cited in Paragraph 1 of the Complaint or otherwise and deny that at any time they violated the provisions of the Statutes cited in Paragraph 1 of the Complaint.

2.    In Counts II and III, the Plaintiff brings supplemental claims pursuant to the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.*, the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.*, and the Attorneys' Fees in Wage Actions Act ("AFWAA"), 705 ILCS 225 *et seq.* The rights and remedies set forth in these statutes are generally similar and analogous to those that Congress set forth in the FLSA.

**ANSWER:**    Defendants admit that this suit purports to arise under the Statutes cited therein but, further answering, deny that the Plaintiff is entitled to any relief whatsoever, under the Statutes cited in Paragraph 2 of the Complaint or otherwise and deny that at any time they violated the provisions of the Statutes cited in Paragraph 2 of the Complaint.

3.    In Count IV, the Plaintiff brings a retaliation claim pursuant to Section 215 of the FLSA.

**ANSWER:**    Defendants admit that this suit purports to arise under the Statute cited therein but, further answering, deny that the Plaintiff is entitled to any relief whatsoever, under the Statute cited in Paragraph 3 of the Complaint or otherwise and deny that at any time they violated the provisions of the Statute cited in Paragraph 3 of the Complaint.

4.    Finally, in Count V, the Plaintiff brings a supplemental common law retaliatory discharge claim.

**ANSWER:**    Defendants admit that this suit purports to state a claim for common law retaliatory discharge, and further answering, deny that the Plaintiff is entitled to any relief whatsoever and deny that at any time they violated the provisions of the Statutes cited that the Plaintiff was terminated or that his termination was wrongfully caused.

2

## II.    **THE PARTIES**

5.    The Plaintiff is an individual domiciled in the State of Illinois, and resides within this judicial district.

**ANSWER:**    Defendants lack information to form a belief as to the truth or falsity of the allegations contained in Paragraph 5, and therefore, neither admit or deny the allegations but demand strict proof thereof.

6.    Upon information and belief, the defendants, DIAZ, PEREZ, and SALDANA, are individuals domiciled in Illinois who reside within this judicial district.

**ANSWER:**    Defendant admits that "Saldana" is an individual domiciled in Illinois who resides within this judicial district. Defendants make no answer to the remaining allegations contained in Paragraph 6 as said allegations are not directed against them.

7.    The defendant, SERVIMAID, LLC., is an Illinois limited liability company whose principal office is located at 3516 Dempster Street, Skokie, IL 60076.

**ANSWER:**    Defendants admit the corporate status of only SERVIMAID LLC., but deny the remaining allegations contained in Paragraph 7.

8.    The defendant, SERVIMAID, INC., is a dissolved Illinois corporation having its only officially listed address at 5649 S. Albany, Chicago, IL 60629.

**ANSWER:**    Defendants make no answer to the allegations contained in Paragraph 8 as said allegations are not directed against them.

9.    DIAZ was/is the president of SERVIMAID, INC.

**ANSWER:**    Defendants make no answer to the allegations contained in Paragraph 9 as said allegations are not directed against them.

3

10.    Upon information and belief, at all times relevant to this action, the following defendants held/hold an ownership interest in SERVIMAID, INC.: a) DIAZ; b) PEREZ; and c) SALDANA.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 10 (c). Defendants make no answer to the allegations contained in Paragraph 10 (a) and (b) as said allegations are not directed against them.

11.    Upon information and belief, at all times relevant to this action, the following defendants exercised/exercise control over significant aspects of SERVIMAID, INC.'s day-to-day operations: a) DIAZ; b) PEREZ and c) SALDANA.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 11 (c). Defendants make no answer to the allegations contained in Paragraph 11 (a) and (b) as said allegations are not directed against them.

12.    Upon information and belief, at all times relevant to this action, the following defendants held/hold an ownership interest in SERVICMAID, LLC: a) DIAZ, b) PEREZ; and c) SALDANA.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 12 (a). Defendants admit the allegation contained in Paragraph 12 (b) and (c).

13.    Upon information and belief, at all times relevant to this action, the following defendants exercised/exercise control over significant aspects of SERVIMAID, LLC's day-to-day operations: a) DIAZ; b) PEREZ and c) SALDANA.

**ANSWER:**    Defendants admit only that Saldana exercised control over SERVIMAID LLC., operations, but make no answer to the remaining allegations contained in Paragraph 13 as said allegations are not directed against it.

14.    Upon information and belief, at certain times herein relevant, acting severally or in one or more combinations, DIAZ, PEREZ, SALDANA, SERVIMAID, INC., and SERVIMAID LLC, operated, controlled or constituted a partnership or other business enterprise, which enterprise employed the Plaintiff and members of the Plaintiff Class, maintained accounts used to pay wages and other expenses and did in fact pay wages to the Plaintiff and members of the Plaintiff Class.

**ANSWER:**    Defendants deny the allegations contained in paragraph 14 and demands strict proof thereof.

15.    Upon information and belief, the partnership or other enterprise described above in paragraph 14 would sometimes do business under the name of SUNSHINE CLEAN.

**ANSWER:**    Defendants deny the allegations contained in paragraph 15.

16.    Upon information and belief, SUNSHINE CLEAN would at times also do business under different names including "Servimaid", or under no name at all.

**ANSWER:**    Defendants deny the allegations contained in paragraph 16.

17.    Upon information and belief, SUNSHINE CLEAN would employ substantially the same personnel to provide services to substantially the same clients under various different names, including but not limited to 'SUNSHINE CLEAN" and "Servimaid".

**ANSWER:**    Defendants make no answer to the allegations contained in Paragraph 17 as said allegations are not directed against them.

18.    The Plaintiff's knowledge is imperfect as to exactly how the Defendants structured their business or businesses, and therefore the Plaintiff desires to avail himself of the discovery process in order to further investigate the structure of SUNSHINE CLEAN and any other enterprise owned or controlled by the Defendants.

**ANSWER:**   Defendants admit only that the Plaintiff's knowledge is imperfect, but make no answer to the remaining allegations contained in Paragraph 18 as said allegations are not directed against them.

19.    The Plaintiff was employed by the Defendants from on or about April 16, 2005 to on or about February 19, 2007.

**ANSWER:**   Defendants admit only that Plaintiff was employed by SERVIMAID LLC., on the dates alleged in paragraph 19. Defendants lack information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 19, and therefore, neither admit or deny the allegations but demand strict proof thereof.

III.    **JURSIDICTION AND VENUE**

20.    Federal question jurisdiction is conferred on this Court by Section 16(b) of the FLSA.

**ANSWER:**   Defendants admit venue is proper in this district, but deny Plaintiff can state a claim under the FLSA.

21.    Supplemental jurisdiction over the Illinois statutory and common law claims alleged herein is conferred on this Court by 28 U.S.C. Section 1367(a).

**ANSWER:**   Defendants admit venue is proper in this district, but deny Plaintiff can state relief for any common law claims.

22.    Venue is proper as the acts or omissions that gave rise to the claims alleged herein occurred within this judicial district.

**ANSWER:**   Defendants admit venue is proper in this district, but deny the Plaintiff is entitled to any relief whatsoever.

6

23.    Additionally, venue is proper pursuant to 28 U.S.C. Section 1391, because upon information and belief the individual defendants are domiciled in Illinois and reside within this judicial district.

**ANSWER:**    Defendants admit venue is proper in this district, but deny the Plaintiff is entitled to any relief whatsoever.

24.    Finally, venue is proper pursuant to 28 U.S.C. Section 1391, because upon information and belief the corporate defendants are domiciled in Illinois and have their principal offices within this judicial district.

**ANSWER:**    Defendants admit venue is proper in this district, and deny Plaintiff is entitled to any relief whatsoever, and make no answer to the remaining allegations contained in Paragraph 24 as said allegations are not directed against them.

## IV.    STATUTORY CONSENT

25.    The Plaintiff brings this case as a collective action under the FLSA on behalf of himself and the Plaintiff Class, and in accord with Section 16(b) of the FLSA, the Plaintiff has given written consent to bring such an action.

**ANSWER:**    Defendants deny that the Plaintiff or any purported Plaintiff Class are entitled to any relief whatsoever, under the Statutes cited in Paragraph 25 of the Complaint or otherwise and deny that at any time they violated the provisions of the Statutes cited in Paragraph 25 of the Complaint.

26.    The Plaintiff's notice of consent to be a party plaintiff is incorporated herein by reference and attaches as Exhibit A.

7

**ANSWER:**    Defendants admit only that Plaintiff has attached a notice to be a party plaintiff and incorporated herein as Exhibit A, but deny the Plaintiff or any Plaintiff Class are entitled to any relief.

## V.    GENERAL ALLEGATIONS

27.    At all times relevant to this action, the Defendants, and each of them, severally or in one or more combinations, were the Plaintiff's "employer" within the meaning of Section 3(a) and (d) of the FLSA in that the Defendants, and each of them, were acting directly or indirectly in the interest of the "employer" in relation to the employee plaintiffs represented herein; and the Defendants are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

**ANSWER:**    Defendants deny the allegations contained in paragraph 27.

28.    At all times relevant to this action, the Plaintiff and members of the Plaintiff Class were "employees" of the Defendants within the meaning of Section 3(e)(1) of the FLSA.

**ANSWER:**    Defendants admit only that during all relevant times, Plaintiff was an "employee" of SERVIMAID LLC., within the meaning of Section 3(e)(1) of the FLSA, lack information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 28, and therefore, neither admit or deny the allegations but demand strict proof thereof, but deny that they violated any Section of the FLSA.

29.    At all times relevant to this action, the Plaintiff was an "employee" of the Defendants within the meaning of Section 3(d) of the IMWL.

**ANSWER:**    Defendants admit only that during all relevant times, Plaintiff was an employee of SERVIMAID LLC., within the meaning of Section 3(d) of the IMWL, lack information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 29, and

8

therefore, neither admit or deny the allegations but demand strict proof thereof, but deny that they violated any Section of the IMWL.

30.     During the course of their employment of the Defendants, the Plaintiff and the members of the Plaintiff Class handled goods, including solvents, surfactants, detergents and other products that moved in interstate commerce.

**ANSWER:**     Defendants admit that during the course of his employment with SERVIMAID LLC., that plaintiff handled goods that moved in interstate commerce, but make no answer as to the remaining allegations contained in Paragraph 30, as said allegations are not directed against them.

31.     At all times relevant to this action, the Defendants, and/or an enterprise controlled by the Defendants, engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA.

**ANSWER:**     Defendants admit only that SERVIMAID LLC., engaged in commerce within the meaning of Section 3(s)(1)(A) of the FLSA, but make no answer as to the remaining allegations contained in Paragraph 31, as said allegations are not directed against them.

32.     The Plaintiff and the members of the Plaintiff Class were employed by the Defendants as janitors and were not exempt from the overtime wage and minimum wage provisions of the FLSA.

**ANSWER:**     Defendants admit the allegations contained in Paragraph 32 only as to SERVIMAID LLC., but make no answer as to the remaining allegations contained in Paragraph 32, as said allegations are not directed against them.

33.    The Plaintiff and the members of the Plaintiff Class were employed by the Defendants as janitors and were not exempt from the overtime wage and minimum wage provisions of IMWL.

**ANSWER:**    Defendants admit the allegations contained in Paragraph 33, only as to SERVIMAID LLC., but make no answer as to the remaining allegations contained in Paragraph 33, as said allegations are not directed against them.

34.    The Plaintiff and the members of the Plaintiff Class were routinely directed by the Defendants to work, and did so work, in excess of 40 hours per week.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 34.

35.    Even though the vast majority of the Plaintiff's and the members of the Plaintiff Class's work was manual labor consisting of janitorial work (such as cleaning toilets, mopping floors and vacuuming), the Defendants gave the Plaintiff and certain other members of the Plaintiff Class titles like "supervisor" as part of a scheme to avoid paying overtime compensation.

**ANSWER:**    Defendants deny the allegations contained in paragraph 35.

36.    For example, the Defendants would pay the Plaintiff and the members of the Plaintiff Class for a certain number of hours each pay period (often actually including *some* overtime compensation), but then require them to work numerous *additional* hours "off the books" for no additional monetary compensation.  The Defendants would often justify this practice to the Plaintiff and the members of the Plaintiff Class by telling them they were "supervisors", and that they would be rewarded in the future with a promotion for working these additional "off the books" hours.

**ANSWER:**    Defendants deny the allegations contained in paragraph 36.

10

37.    Typically the Plaintiff would work and be paid 40-45 hours per week "on the books", and he would work an *additional* 15-20 hours per week "off the books" -- for which he received no monetary compensation.

**ANSWER:**    Defendants deny the allegations contained in paragraph 37.

38.    The scheme described above is elaborate and complex, and could not be the result of error or inadvertence.

**ANSWER:**    Defendants deny the existence of a scheme as alleged in Paragraph 38, and therefore, deny the allegations contained in Paragraph 38.

39.    The Plaintiff believes that the scheme described above was utilized by the Defendants in order to circumvent the provisions of the FLSA.

**ANSWER:**    Defendants deny the existence of a scheme as alleged in Paragraph 39 and therefore deny the allegations contained in Paragraph 39.

40.    The Defendants utilized the scheme described above continuously going back at least as far as April 16, 2005, indicating that the scheme was organized, intentional and ongoing.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 40.

41.    Additionally, the Plaintiff and the members of the Plaintiff Class were routinely required by the Defendants to work through their meal breaks.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 41.

42.    In early February, 2007, the Plaintiff complained to SALDANA that he and the members of the Plaintiff Class were required by the Defendants to work overtime hours for which they were not being paid overtime wages (and in some cases no wages at all), in violation of the FLSA, the IMWL and other relevant law.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 42.

11

43.     In early February, 2007, the Plaintiff complained to SALDANA that he and the members of the Plaintiff Class were often required by the Defendants to work more than 8 hours per day without a lunch break, in violation of FLSA, the IMWL and other relevant law.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 43.

44.     The Defendants fired the Plaintiff within several days after he made the complaints described above.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 44.

45.     The Plaintiff and the members of the Plaintiff Class work at the lowest stratum of the economy as unskilled workers, and as a result of the Defendants' actions described above they were and are subject to severe economic duress.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 45.

## COUNT I
## (Violation of the FLSA)

46.     The Plaintiff hereby re-alleges the foregoing allegations.

**ANSWER:**     As and for their responses to the allegations of Paragraph 46 of Count I of the Complaint, Defendants incorporate by this reference, as though fully set forth herein, their responses to the allegations of Paragraphs 1 through 45.

47.     The Defendants violated the FLSA by:

a.     failing to pay the Plaintiff and the members of the Plaintiff Class for certain hours at a rate equal to or greater than the FLSA's mandatory minimum rate;

b.     failing to pay the Plaintiff and the members of the Plaintiff Class for certain overtime (in excess of 40 in a given workweek) hours at a rate equal or greater than one and one-half times the regular rate at which they were employed; and

c.     requiring the Plaintiff and the members of the Plaintiff Class to work through their meal breaks and then failing to pay them for the work they performed during meal breaks.

12

**ANSWER:**    Defendants deny the allegations contained in Paragraph 47, including those allegations contained in Subparagraphs 47(a) through (c), inclusive.

48.    The Defendants willfully violated the FLSA in that they were aware or should have been aware of their obligations under the FLSA, but nevertheless attempted to circumvent its provisions.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 48.

WHEREFORE, the Defendants, SERVIMAID LLC., and LUIS SALDANA deny that the Plaintiff and/or Plaintiff Class are entitled to any relief against them whatsoever and pray that this action, so wrongfully brought, be dismissed with prejudice with costs of suit taxed against the Plaintiff(s) herein.

### COUNT II
### (Violation of the IMWL)

49.    The Plaintiff hereby re-alleges the foregoing allegations.

**ANSWER:**    As and for their responses to the allegations of Paragraph 49 of Count II of the Complaint, Defendants incorporate by this reference, as though fully set forth herein, their responses to the allegations of Paragraphs 1 through 48.

50.    The Defendants violated the IMWL by:

a.    failing to pay the Plaintiff for certain hours at a rate equal or greater than the IMWL's mandatory minimum rate;

b.    failing to pay the Plaintiff for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which the Plaintiff was employed and

c.    requiring the Plaintiff to work through his meal breaks and then failing to pay him for the work he performed during meal breaks.

13

**ANSWER:**    Defendants deny the allegations contained in paragraph 50, including those contained in Subparagraphs (a) through (c), inclusive.

51.    The Defendants willfully violated the IMWL in that they were aware or should have been aware of their obligations under the IMWL, but nevertheless attempted to circumvent its provisions.

**ANSWER:**    Defendants deny the allegations contained in paragraph 51.

WHEREFORE, the Defendants, SERVIMAID LLC., and LUIS SALDANA deny that the Plaintiff and/or Plaintiff Class are entitled to any relief against them whatsoever and pray that this action, so wrongfully brought, be dismissed with prejudice with costs of suit taxed against the Plaintiff herein.

**COUNT III**
**(IWPCA and AFWAA claims)**

52.    The Plaintiff hereby re-alleges the foregoing allegations.

**ANSWER:**    As and for their responses to the allegations of Paragraph 52 of Count III of the Complaint, Defendants incorporate by this reference, as though fully set forth herein, their responses to the allegations of Paragraphs 1 through 51.

53.    The Defendants violated the IWPCA by:

a.    failing to pay the Plaintiff for certain hours at a rate equal to or greater than the statutory minimum wage;

b.    failing to pay the Plaintiff for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate upon which the parties had agreed;

c.    failing to pay the Plaintiff certain wages either weekly or biweekly; and/or

d.    failing to pay the Plaintiff certain wages within either 7 days of the close of each relevant workweek, or within 13 days of the close of each relevant biweekly pay-period.

14

**ANSWER:**　　Defendants deny the allegations contained in paragraph 53, including those contained in Subparagraphs (a) through (d), inclusive.

WHEREFORE, the Defendants, SERVIMAID LLC., and LUIS SALDANA deny that the Plaintiff and/or Plaintiff Class are entitled to any relief against them whatsoever and pray that this action, so wrongfully brought, be dismissed with prejudice with costs of suit taxed against the Plaintiff herein.

**COUNT IV**
**(Retaliation in Violation of the FLSA)**

54.　　The Plaintiff hereby re-alleges the foregoing allegations.

**ANSWER:**　　As and for their responses to the allegations of Paragraph 54 of Count IV of the Complaint, Defendants incorporate by this reference, as though fully set forth herein, their responses to the allegations of Paragraphs 1 through 53.

55.　　The Defendants had no legitimate or lawful reason to the Plaintiff, and fired him in retaliation for making the complaints described above.

**ANSWER:**　　Defendants deny they fired the Plaintiff and therefore deny the allegations contained in Paragraph 55.

56.　　The Plaintiff's complaints, described above, constituted protected activity under Section 215(a)(3) of the FLSA.

**ANSWER:**　　Defendants deny the allegations contained in Paragraph 56.

57.　　The Defendants violated the FLSA by firing the Plaintiff in retaliation for their having made the complaints described above.

**ANSWER:**　　Defendants deny the allegations contained in Paragraph 57.

58.    The Plaintiff was damaged as a direct and proximate results of the Defendants' actions in that he suffered and continues to suffer pecuniary loss, severe emotional trauma and humiliation, and is subject to ongoing economic duress.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 58.

WHEREFORE, the Defendants, SERVIMAID LLC., and LUIS SALDANA deny that the Plaintiff is entitled to any relief against them whatsoever and pray that this action, so wrongfully brought, be dismissed with prejudice with costs of suit taxed against the Plaintiff herein.

**COUNT V**
**(Retaliatory Discharge – Common Law)**

59.    The Plaintiff hereby re-alleges the foregoing allegations.

**ANSWER:**    As and for their responses to the allegations of Paragraph 59 of Count V of the Complaint, Defendants incorporate by this reference, as though fully set forth herein, their responses to the allegations of Paragraphs 1 through 58.

60.    When the Plaintiff complained about the Defendants' violations of the FLSA and the IMWL, as described above, he was acting as a "whistleblower".

**ANSWER:**    Defendants deny the allegations contained in Paragraph 60.

61.    The Defendants had no legitimate or lawful reason to fire the Plaintiff, and fired him in retaliation for making the complaints described above.

**ANSWER:**    Defendants deny they fired the Plaintiff and therefore deny each and every allegation contained in Paragraph 61.

62.    By firing the Plaintiff in retaliation for making the complaints described above, the Defendants violated a clear mandate of public policy in that their actions were designed to intimidate the Plaintiff and the members of the Plaintiff Class, and were an attempt to coercively

prevent them from seeking relief through outside channels such as the Department of Labor or by this lawsuit.

**ANSWER:**    Defendants deny each and every allegation contained in Paragraph 62.

63.    The Plaintiff was damaged as a direct and proximate result of the Defendants' actions in that he suffered and continues to suffer pecuniary loss, severe emotional trauma and humiliation.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 63.

WHEREFORE, the Defendants, SERVIMAID LLC., and LUIS SALDANA deny that the Plaintiff and/or Plaintiff Class are entitled to any relief against them whatsoever and pray that this action, so wrongfully brought, be dismissed with prejudice with costs of suit taxed against the Plaintiff herein.

### FIRST AFFIRMATIVE DEFENSE
### (Limitations)

As and for their First Affirmative Defense to the Plaintiff's Complaint the Defendants SERVIMAID LLC., and LUIS SALDANA state that the Plaintiff's claims, including, but not limited to those for liquidated damages, are barred because they did not arise from any willful violation of the Fair Labor Standards Act.

WHEREFORE, the Defendants SERVIMAID LLC., and LUIS SALDANA deny that the Plaintiff and/or Plaintiff Class are entitled to any relief against them whatsoever and pray that this action, so wrongfully brought, be dismissed with prejudice with costs of suit taxed against the Plaintiff herein.

### SECOND AFFIRMATIVE DEFENSE
### (Good Faith)

17

The Defendants SERVIMAID LLC., and LUIS SALDANA state, for their Second Affirmative Defense, that any failure to pay the Plaintiff "overtime" pay was not the failure of the Defendants to act in good faith to reasonably comply with applicable law under the Fair Labor Standards Act, the Illinois Minimum Wage Law or the Illinois Wage Payment and Collection Act.

WHEREFORE, the Defendants SERVIMAID LLC., and LUIS SALDANA deny that the Plaintiff and/or Plaintiff Class are entitled to any relief against them whatsoever and pray that this action, so wrongfully brought, be dismissed with prejudice with costs of suit taxed against the Plaintiff herein.

## THIRD AFFIRMATIVE DEFENSE
### (Mitigation of Damages)

Without waiver of its denial that the Plaintiff is entitled to any relief against it whatsoever, as its Third Affirmative Defense to the Plaintiff's Complaint SERVIMAID LLC., and LUIS SALDANA state that damages, if any, awarded in this case should be reduced to the extent that the Plaintiff has failed to mitigate them and/or to the extent that he was precluded from working or seeking employment for any other reason.

WHEREFORE, the Defendants SERVIMAID LLC., and LUIS SALDANA deny that the Plaintiff and/or Plaintiff Class are entitled to any relief against them whatsoever and pray that this action, so wrongfully brought, be dismissed with prejudice with costs of suit taxed against the Plaintiff herein.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to Meet Requirements for Class Action)

The Defendants SERVIMAID LLC., and LUIS SALDANA state, for their Fourth Affirmative Defense that the Plaintiff has not adequately alleged the requirement to bring and/or

18

maintain a collective action under the Fair Labor Standards Act, or a class action under the IMWA and/or IWPCA, and as such, the Plaintiff's attempt to bring this action as a representative of similarly situated employees should not be allowed.

WHEREFORE, the Defendants SERVIMAID LLC., and LUIS SALDANA deny that the Plaintiff and/or Plaintiff Class are entitled to any relief against them whatsoever and pray that this action, so wrongfully brought, be dismissed with prejudice with costs of suit taxed against the Plaintiff herein.

Respectfully submitted,

Servimaid LLC., and Luis Saldana Individually

By:    s/April R. Walkup
       April R. Walkup
       One of Their Attorneys

April R. Walkup I.D. #6238306
Matthew J. Daley I.D. #6281713
QUERREY & HARROW, LTD.
175 West Jackson Boulevard
Suite 1600
Chicago, Illinois 60604
(312) 540-7000

Document #: 1319793