IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JESUS CAZARES**, on behalf of himself and all other employees similarly situated, known and unknown,<br><br>                    Plaintiffs,<br>     v.<br><br>**SERVIMAID LLC**, an Illinois limited liability company, **SERVIMAID, INC.**, a dissolved Illinois corporation, **PAULO DIAZ**, individually, **JUAN PEREZ**, individually, **LUIS ENRIQUEZ SALDANA**, individually, and **JOHN DOE BUSINESS ENTERPRISE a/k/a Sunshine Clean**,<br><br>                    Defendants. | No. 08 CV 1312<br>Judge Robert M. Dow, Jr.<br>Magistrate Judge Susan E. Cox |

## JOINT INITIAL STATUS REPORT

     A.     Attorneys of record.

<u>Attorneys for Plaintiff</u>:

Roy P. Amatore
Paul Luka
AMATORE & ASSOCIATES, P.C.
120 S. State Street · Suite 400
Chicago, IL 60603
312.236.9825 (tel.)

<u>Attorneys for Defendants, SERVIMAID LLC, and LUIS ENRIQUEZ SALDANA:</u>

April Walkup
Matthew Daley
Lawrence Kowalczyk
Querrey & Harrow, Ltd.
175 West Jackson Boulevard, Suite 1600
Chicago, IL 60604-2827
312.540.7000

<u>Attorneys for the Defendants, PAULO DIAZ, and SERVIMAID, INC.:</u>

J. Eric Vander Arend
Hughes, Socol, Piers, Resnick & Dym, Ltd.
70 W. Madison Street, Suite 4000
Chicago, IL 60602

No appearance has been filed (by counsel or otherwise) on behalf of the Defendants, JUAN PEREZ, and JOHN DOE BUSINESS ENTITY d/b/a Sunshine Clean.

If the case proceeds to trial, Roy Amatore expects to try the case for the Plaintiff, and April Walkup and J. Eric Vander Arend expect to try the case on behalf of the Defendants. However, the parties have learned through informal discovery that the Defendants, PAULO DIAZ, and SERVIMAID, INC., may not be the correct parties in interest, and anticipate filing a stipulation to dismiss said defendants.

     B.    Federal question jurisdiction is conferred on this Court by Section 16(b) of the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. §1331. Supplemental jurisdiction over the Illinois statutory claims alleged in the complaint is conferred on this Court by 28 U.S.C. § 1367(a).

     C.    The Plaintiff alleges that the Defendants-employers failed to pay him and similarly situated employees overtime compensation for certain hours they worked in excess of 40 during given workweeks. The Plaintiff also alleges that the Defendant-employers failed to pay him and similarly situated employees at least minimum wage for certain hours they worked (by virtue of the fact that they paid nothing at all for certain hours worked). Defendants, Saldana and Servimaid, LLC deny they violated any statute, owe the Plaintiff(s) any money or that the Plaintiff(s) is entitled to any recovery, whatsoever.

     D.    Ostensibly, all defendants have been served. However, the Plaintiff's knowledge as to how the respective defendants structured their businesses is imperfect, and the Plaintiff desires to continue using the discovery process to ascertain the same. In particular, the Plaintiff does not know whether "Sunshine Clean" is an assumed name of one or more of the Defendants, or if it is a partnership, joint venture or other business entity. Defendants, Saldana and Servimaid, LLC have denied any affiliation and/or relationship with "Sunshine Clean."

     E.    The Plaintiff maintains that in the context of the FLSA, "willful" and "good faith" are terms of art defined by case law and the Code of Federal Regulations. The Plaintiff therefore disputes the availability of the limitations (dependent upon whether a violation of the FLSA is "willful") and good faith defenses articulated in the First and Second Affirmative Defenses of the Defendants, LUIS ENRIQUEZ SALDANA, and SERVIMAID, LLC., in that the Plaintiff denies that said Defendants have satisfied the precisely defined requirements necessary to assert these defenses.

     F.    The central factual issue is the question of whether or not the Defendants paid the Plaintiff and similarly situated employees overtime compensation for the hours they worked in excess of 40 in given weeks. Another set of factual issues surrounds the nature and structure of the Defendants' businesses.

     G.    The parties have demanded a jury trial.

      H.      The Plaintiff has tendered his initial Rule 26(a)(1) disclosures. Written discovery will be needed with regard to payroll, tax, banking, and employment records. Additionally, the Plaintiff plans to make a motion to authorize notice of this action to his former co-workers (as a collective action pursuant to the FLSA, not as a Rule 23 class action). To that end, the Plaintiff will request names and addresses of current and former employees. With regard to oral discovery, Depositions of Plaintiff and Defendants, LUIS ENRIQUEZ SALDANA, and JUAN PEREZ, are anticipated initially. Should additional Plaintiffs opt into this matter, those depositions will likewise be required. Depositions of the Defendants' accountants may be needed in a subsequent phase. Additional depositions (such as those of vendors or clients who may have witnessed the Plaintiff and similarly situated employed working) may be needed to properly prepare for trial if settlement proves unattainable. At this point, the parties do not anticipate the need for extensive expert discovery.

      I.      The earliest date the parties would be ready for trial would be May 25, 2009. The parties expect a 5-day trial.

      J.      Currently, the parties have not unanimously consented to proceed before the Magistrate.

      K.      The named Plaintiff has made a formal demand to the Defendants, LUIS ENRIQUEZ SALDANA, and SERVIMAID, LLC. As of yet, these defendant have made no formal offer.

      L.      The parties agree that they may benefit from a settlement conference.

      Respectfully submitted,

/s/ Paul Luka  
Attorney for Plaintiffs

/s/ April Walkup (approved via e-mail)  
Attorney for Defendants, LUIS ENRIQUEZ SALDANA, and SERVIMAID, LLC.

Roy P. Amatore, Esq.  
Paul Luka, Esq.  
AMATORE & ASSOC., P.C.  
120 S. State St., Ste. 400  
Chicago, IL 60603  
(312) 236-9825

April Walkup  
Matthew Daley  
Lawrence Kowalczyk  
Querrey & Harrow, Ltd.  
175 West Jackson Boulevard, Suite 1600  
Chicago, IL 60604-2827  
312.540.7000

CERTIFICATE OF SERVICE

       The undersigned attorney hereby certifies that on May 14, 2008, he served a copy of this notice and the attached document(s) on all attorneys of record by causing the same to be issued through the Court's Electronic Case Filing System in accordance with Fed. R. Civ. P. 5(b)(2)(D), and LR5.9 of the Northern District of Illinois.

                                        /s/ Paul Luka
                                        PAUL LUKA – ARDC # 6288860

Roy P. Amatore, Esq.
Paul Luka, Esq.
AMATORE & ASSOCIATES, P.C.
120 S. State Street • Suite 400
Chicago, IL 60603
312.236.9825 tel.
312.236.9826 fax

4